# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM B. WILEY,

          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency.

DOCKET NUMBER
SF-0831-09-0055-M-3

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The U.S. Court of Appeals for the Federal Circuit remanded the referenced matter to the Board for the entry of a settlement agreement into the record.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. SF-0831-09-0055-M-3, Court Remand File (CRF-2), Tab 3; *Wiley v. Office of Personnel Management*, No. 2012-3140 (Fed. Cir. Dec. 11, 2013). For the reasons set forth below, we REOPEN and VACATE the Board's final decision in this matter and dismiss the petition for review as settled. *See* MSPB Docket No. SF-0831-09-0055-M-2, Petition for Review File, Tab 5, Final Order (Mar. 29, 2012).[2]

¶2 After the appellant filed an appeal of the Board's final order with the Federal Circuit, the parties executed a settlement agreement signed and dated on July 31, 2013. CRF-2, Tab 2. The Court then granted the parties' joint motion to remand the case to the Board for the purpose of vacating the Board's final decision and entering the settlement agreement into the record for enforcement. CRF-2, Tab 3.

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. *See* CRF-2, Tab 2, ¶ 6. In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction, that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—an appeal pertaining to

---

[2] The record reflects that Mary Wiley Scully has notified the Board that she no longer wishes to participate in this appeal as an Intervenor. *See* CRF-2, Tabs 4, 6.

retirement annuity benefits—is within the Board's jurisdiction under 5 U.S.C. § 831.110 and 5 C.F.R. § 831.110. Accordingly, we vacate the final decision in this matter and find that dismissal of the petition for review "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶4 This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and

your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.